Naomi **LAMBOY–LA SALLE**, Carlos **Perez–Alamo**, and their Legal Conjugal Partnership, Plaintiffs,

v.

**PUERTO RICO TELEPHONE CO.,** Defendant.

No. Civ. 96–1267 (DRD).

United States District Court, D. Puerto Rico.

March 12, 1998.

---

Jorge L. Martinez–Rivera, Goldman, Antonetti & Cordova, San Juan, PR, Myriam E. Matos–Bermudez, Banco Popular Center, Hato Rey, PR, for Defendant.

Miguel Simonet–Sierra, Santurce, PR, for Plaintiff.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the court is Defendant's Motion for Summary Judgment. (Docket No. 24.) In the complaint, Plaintiffs allege that Co-plaintiff Lamboy was terminated from her position with the Puerto Rico Telephone Company ("PRTC") in violation of the Americans with Disabilities Act of 1990 (the "Act" or the "ADA"), 42 U.S.C. §§ 12101–12213, because of a physical disability caused by carpal tunnel syndrome. Plaintiffs further claim causes of action under various local anti-discrimination statutes, as well as under the Civil Code.[1] Defendant argues, however, that Co-plaintiff's impairment is not a qualified disability protected under the Act. For the reasons stated below, the court agrees and dismisses Plaintiffs, ADA complaint. The state causes of action are conse-quently dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

### Background

On October 1993, Co-plaintiff Lamboy was terminated from her position of secretary with the PRTC. She had been diagnosed with carpal tunnel syndrome and demanded a change in her duties, so that she would no longer be required to type, or a transfer to another position that would not require typing. Plaintiffs claim that Defendant outright refused her request for a modification in duties and rejected her applications for managerial positions within the company, all because of her disability. However, Defendant argues that Co-plaintiff turned down the offer of various other positions that did not require typing. Subsequently, matters reached an impasse and Co-plaintiff was terminated from her position.

On 1976, Co-plaintiff began to work with the PRTC in the position of long-distance operator, but over the years performed a number of different duties. Starting on 1986 and up to 1993, the year of her termination, she worked as a secretary for the Switchboard Maintenance Division of the External Plant Department, located in Fajardo, Puerto Rico. She was the only secretary at this location.

On or around July of 1992, Co-plaintiff noticed that her neck was stiffening and her left hand was cramping. She sought treatment from the State Insurance Fund ("SIF"), a state agency entrusted with providing medical services to employees for their work-related injuries. The SIF determined that Co-plaintiff's condition was work related and referred her to a private physician, who diagnosed that she suffered from carpal tunnel syndrome. This condition prevented her from typing, at least for a number of months thereafter. According to Co-plaintiff's version, she was completely unable to perform basic manual tasks for a number of months following her initial diagnosis. However, she admits that, thanks to treatment, she has improved since then. In her Deposition of December 16, 1996, Co-plaintiff stated that her condition was limiting when it first

---

1. Act No. 44 of July 2, 1985, P.R.Laws Ann., tit. 1 § 503 et seq.; Act No. 100 of June 30, 1959, P.R.Laws Ann., tit. 29 § 146 et seq.; Civil Code art. 1802, P.R. laws Ann., tit. 31 § 5141.

arose in 1992, but that from 1993 on to the present, the condition improved after treatment, medication and therapy.[2] Co-plaintiff further stated that she can do the tasks that entail taking care of herself.[3]

## Standard

The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties, proof to determine whether a trial is actually necessary" *Vega–Rodriguez v. Puerto Rico Telephone Co.*, 110 F.3d 174, 178 (1st Cir.1997) (citing *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir.1992)). A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ...." Fed.R.Civ.P. 56(c). "To defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a trial worthy issue as to some material fact." *Cortes–Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 187 (1st Cir.1997). "In applying this formulation, a fact is 'material' if it potentially affects the outcome of the case", *Vega–Rodriguez*, 110 F.3d at 178, and "genuine" "if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Cortes–Irizarry*, 111 F.3d at 187. "Speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant in the face of a properly documented summary judgment motion.

Moreover, even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir.1996) (citations omitted). Further, the court must examine the facts in a light that flatters, but does not impermissibly distort the non moving party's claims and indulging all inferences in favor of that party. *Martinez v. Colon*, 54 F.3d 980, 982–83 (1st Cir.1995).

## Analysis

The ADA was enacted "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). To establish a *prima facie* case under the Act and obtain relief, a plaintiff must show (1) that she has a qualified disability, (2) that, with or without reasonable accommodations, she can perform the essential functions of the position she holds ("qualified individual") and (3) that she was discriminated against because of her disability. *Terrell v. USAir*, 132 F.3d 621, 624 (11th Cir.1998); *Katz v. City Metal Co., Inc.*, 87 F.3d 26, 30 (1st Cir.1996).

Yet, Defendant argues that the ADA is inapplicable to the instant case because Plaintiff cannot establish that she suffers from a qualified disability, which the ADA defines, *inter alia*, as (a) a physical or mental impairment (b) that substantially limits (c) one or more of the major life activities. 42 U.S.C. § 12102(2).[4] Neither party contests

---

**2.** Q. And if that's the case with your inability to do the dishes because of that, how were you planning, for example, to hold a file in your work.

A. Easy. Because when I'm talking about this pain and this impediment I was talking about the beginning when the problem arose that I had to go to the State Insurance fund.

Afterward, after the treatment, the medication and the therapy, the condition improved. And due to the rest the condition improved.

Q. That is now.

A. That is correct. And at the time that I was looking to return to work.

Q. 1993?

A. Yes, sir.

Depo. at 22–23.

**3.** Depo. at 23. After the deposition, Plaintiff's submitted a sworn statement with their opposition to the instant motion, attempting to contradict facts already admitted. However, this attempt is futile at this stage. *See, e.g., Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4 (1st Cir.1994) (holding that, "[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed").

**4.** There is no evidence that Plaintiff's impairment would qualify under the other two prongs of the definition.

that carpal tunnel syndrome is an impairment. However, disagreement arises as to whether the impairment "substantially limits" one or more of Co-plaintiff's "major life activities," namely the activities of working and taking care of herself. *See* 29 C.F.R. § 1630.2(i).

The ADA empowers the Equal Employment Opportunity Commission ("EEOC") to further promulgate regulations that define the scope and reach of the statute. 42 U.S.C. § 12116. Pursuant to this, the EEOC defined "substantial limitation" as:

> (i) Unable to perform a major life activity that the average person in the general population can perform; or

> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform the same major life activity.

29 C.F.R. § 1630.2(j)(1). In addition, the factors which the court must consider in assessing "substantial limitation" are:

> (i) The nature and severity of the impairment;

> (ii) The duration or expected duration of the impairment; and

> (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j)(2).

Therefore, to show that a factual dispute exists as to whether Co-plaintiff's impairment is "substantially limiting," the court must consider the "nature, severity and duration of the impairment" and the "permanence or long term impact resulting from the impairment." Defendant argues that, given Co-plaintiff's own admission as to her quick improvement, her impairment was only temporary—in addition to the fact that it did not limit her ability to perform a broad range of jobs—and, hence, it is not sufficient under

the statute and regulations to be "substantially limiting." The court agrees.

There is no rule that carpal tunnel syndrome cannot qualify as a disability under the Act, but still a plaintiff must demonstrate that the impairment has been substantially limiting. *Yaba v, Roosevelt,* 961 F.Supp. 611, 619 (S.D.N.Y.1997) (citing *McKay v. Toyota Motor Mfg. U.S.A., Inc.,* 878 F.Supp. 1012, 1015 (E.D.Ky.1995), *aff'd,* 110 F.3d 369, 373 (6th Cir.1997)); *Wilmarth v. City of Santa Rosa,* 945 F.Supp. 1271, 1276 (N.D.Cal.1996). In *Wilmarth,* the court granted summary judgment dismissing the ADA claim because the nature of the plaintiff's carpal tunnel syndrome and its relatively short duration (two years) rendered any limitation insubstantial. In *McKay,* a case which the Sixth Circuit affirmed, the court also granted summary judgment dismissing the ADA claim because the plaintiff failed to establish that her carpal tunnel syndrome significantly restricted her from performing a "broad range" of jobs.

In the instant case, as in *Wilmarth,* Plaintiffs have failed to make a *prima facie* showing that Co-plaintiff's impairment lasted long enough (one year and four months, by Plaintiffs own argument) to "substantially limit" her ability to work and to take care of herself. The fact that she may still experience some discomfort or difficulty as a consequence of her impairment is not enough to qualify under the Act. Further, as in *McKay,* Plaintiff's have failed to make a *prima facie* showing that Co-plaintiff's impairment does not "substantially limit" her ability to work in a "broad range" of jobs, when her "single and particular limitation" is difficulty in performing typing duties.[5] *See Price v. Marathon Cheese Corp.,* 119 F.3d 330, 336 (5th Cir.1997); *McKay,* 110 F.3d at 373; *Pritchard v. Southern Company Services,* 92 F.3d 1130, 1133 (11th Cir.1996). See also *Heilweil v. Mt. Sinai Hosp.,* 32 F.3d 718, 723 (2d Cir.1994) and *Soileau v. Guilford of Maine, Inc.,* 928 F.Supp. 37, 51 (D.Me.1996), *aff'd,* 105 F.3d 12 (1st Cir.1997), wherein the courts clearly held that any impairment that dis-

---

**5.** The mere fact that Co-plaintiff requested a transfer to any position that did not require typing leads the court to believe that she did not feel

limited in her ability to perform a "broad range" of jobs.

qualifies a person from only a limited range of jobs is not considered a "substantial limitation" and, hence, is insufficient at law. Therefore, Co-plaintiff's carpal tunnel syndrome, even though an impairment, cannot qualify as a disability under the Act and the court must dismiss the claim. Having so found, the court need not enter into a discussion of the subsequent requirements to establish a *prima facie* case. *See Terrell,* 132 F.3d at 624; *Katz,* 87 F.3d at 30.

Since only state law claims remain and the court cannot maintain supplemental jurisdiction over them absent a federal cause, the court dismisses the entire case. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 728, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Rodriguez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1177 (1st Cir. 1995).

Wherefore, the ADA claim is dismissed with prejudice; the local law claims are dismissed without prejudice.

IT IS SO ORDERED.